UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

DUSTIN D. COLEMAN,

        Debtor.

_____/

DAVID M. ALLEN DDS & ASSOCIATES,
LLC, d/b/a AFDENT,

        Plaintiff,

v.

DUSTIN D. COLEMAN,

        Defendant.

_____/

Case No. 23-01548-swd
Hon. Scott W. Dales
Chapter 13

Adversary Pro. No. 23-80069

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

This is an adversary proceeding to determine the dischargeability of a debt. The controversy arises from the role that the defendant, chapter 13 debtor Dustin D. Coleman, played in his now-ex-spouse's embezzlement from plaintiff David M. Allen DDS & Associates or "AFDENT." The embezzlement scheme resulted in two judgments against Mr. Coleman, one criminal and one civil, which AFDENT contends should be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[1]

---

[1] Although the Pretrial Order dated Jan. 31, 2024 (ECF No. 10) raised the possibility that AFDENT might amend its complaint to seek relief under 11 U.S.C. § 523(a)(13), it has not done so, evidently preferring to rely on the exceptions mentioned in § 523(c).

As forecast during the pretrial conference, AFDENT filed an early motion for summary judgment (ECF No. 12, the "Motion") premised on the preclusive effect of the Northern District of Indiana's Judgment in a Criminal Case (Exh. A to the Motion, the "Criminal Judgment") entered in case number 1:19CR100-002, and the Agreed Judgment (Exh. B to the Motion, the "Agreed Judgment") entered upon the stipulation of AFDENT and Mr. Coleman in the Allen County (Indiana) Circuit Court under case number 02-C01-1807-PL-238.

The court has carefully considered AFDENT's Motion and supporting brief, Defendant-Debtor's Brief in Support of Partial Summary Judgment [sic] (ECF No. 13), AFDENT's Brief in Opposition to Defendant's Motion for Summary Judgment (ECF No. 16), and the parties' oral arguments on May 21, 2024, in Kalamazoo, Michigan.[2]

The court has jurisdiction under 28 U.S.C. § 1334 and authority to resolve the dispute as a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) (exceptions to discharge). The parties confirmed this point during the pretrial conference.

The court may grant summary judgment "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The standards interpreting Rule 56 and governing motions for summary judgment are well-settled and have been largely settled since the trilogy of Supreme Court cases in 1986 -- *Celotex*, *Matsushita Electric*, and *Liberty Lobby*.

As the moving party, AFDENT must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

---

[2] At oral argument, Mr. Coleman's counsel confirmed that her client's brief (ECF No. 13), though seemingly titled as part of a separate summary judgment motion, is simply a response to AFDENT's Motion. The court will treat it as such -- there is a single summary judgment motion filed in this matter.

*Catrett*, 477 U.S. 317, 323 (1986).  Moreover, as the party asserting estoppel, AFDENT has the burden of proving that the requirements of estoppel have been met.  *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir. 1981).

Mr. Coleman, as the nonmoving party must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In ruling on the Motion, the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or credibility of witnesses.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  This paradigm is familiar and easily applied in this case.

AFDENT seeks to except from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6) a debt (the "Debt") that it claims Mr. Coleman owes from his involvement in his former spouse's embezzlement scheme.

Here, AFDENT has endeavored to meet its summary judgment (and trial) burdens almost exclusively by pointing to the Criminal Judgment and the Agreed Judgment.  The Criminal Judgment imposes a restitution obligation upon Mr. Coleman in the amount of $149,756.00; the Agreed Judgment requires him to pay AFDENT $343,858.82.

At the pretrial conference and again during this week's hearing on the Motion, the parties confirmed that both judgments (criminal and civil) arise out of the same circumstances, and the parties generally agree those circumstances involve Mr. Coleman's ex-spouse's embezzlement from AFDENT.

In a nutshell, Plaintiff alleges that the Defendant's ex-spouse, while in the Plaintiff's employ as a bookkeeper, diverted funds to the Defendant by listing him, fraudulently, as among

AFDENT's employees, and paying him for that phantom employment. The parties also agree that the ex-spouse used embezzled funds to purchase goods and services to support the couple's lifestyle. After AFDENT discovered the scheme and reported it to federal law enforcement authorities, Mr. Coleman pled guilty to wire fraud (18 U.S.C. § 1343), resulting in the Criminal Judgment with attending restitution obligations. Approximately one year later, after AFDENT commenced suit in the Indiana state court system, Mr. Coleman signed the Agreed Judgment. In support of its Motion, Plaintiff contends that the Criminal Judgment and the Civil Judgment have preclusive effect in this current proceeding, establishing the nondischargeability of the Debt under the three exceptions referred to in § 523(c), namely § 523(a)(2), (a)(4), and (a)(6).

During this proceeding, at least two significant points of agreement have emerged. First, the parties agree that Indiana law determines the preclusive effect of the Agreed Judgment. *See* 28 U.S.C. § 1738; *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999) ("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action."); *Bicknell v. Stanley (In re Bicknell)*, 118 B.R. 652, 667 (N.D. Ind. 1990) (determining the preclusive effect of a state court judgment requires the federal court to predict how the state's highest court would rule). Second, they agree that the portion of the Debt represented by the Criminal Judgment (i.e., the restitution award) is excepted from discharge.

The remaining portion of the Debt, that is the portion represented by the civil Agreed Judgment, forms the crux of the dispute. AFDENT's Motion is premised on the assumption -- actually the inference -- that because the ex-spouse's embezzlement scheme resulted in the entry

of the Agreed Judgment, the court should infer that the entire Debt memorialized in that document is nondischargeable.

Mr. Coleman counters that the differences in the amount of the Debt represented by the two judgments creates a genuine issue for trial. This is because several of the causes of action at issue in the Agreed Judgment (*e.g.*, statutory and common law conversion and unjust enrichment) would not necessarily support an exception to discharge under § 1328(a).[3] For example, if Mr. Coleman completes his plan payments and earns a discharge under that section, the portion of the Debt allocable to AFDENT's conversion claim under § 523(a)(6) could be discharged, even if the portion of the Debt allocable to § 523(a)(2) or (a)(4) could not be. *Bailey, supra* at n. 3. For that matter, it is by no means clear that any portion of AFDENT's unjust enrichment claim (also resolved in the Agreed Judgment) would be excepted from discharge. The allocation of the Debt among these causes of action, therefore, is material to the court's decision.

AFDENT sees things differently. Citing *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465 (Ind. App. 1987), AFDENT contends that the issue of how the Debt memorialized in the Agreed Judgment should be allocated among AFDENT's several causes of action is immaterial because Mr. Coleman did not reserve the issue when he signed the settlement the Allen County Circuit court eventually approved.

The court rejects AFDENT's argument because the company, and the case it principally relies on, confuses, or at least conflates, *res judicata* and collateral estoppel.

---

[3] Because most chapter 13 cases do not end in a discharge under § 1328(a), it makes sense to determine whether or to what extent the Agreed Judgment represents a debt as described in § 523(a)(2) and (a)(6). *Cf. Bailey v. Bailey (In re Bailey)*, slip op. no. 23-8001, 2024 WL 1511984 (6th Cir. BAP Apr. 8, 2024) (discussing differences in scope of full-compliance discharge under § 1328(a) and hardship discharge under § 1328(b) in divorce-related controversy). Mr. Coleman may ultimately merit only a narrower hardship discharge under § 1328(b) or, upon conversion, a discharge under § 727.

Although Plaintiff's brief makes frequent references to the doctrine of *res judicata* or "claim preclusion," the applicable preclusion doctrine is "issue preclusion" or "collateral estoppel," as AFDENT's counsel conceded during oral argument.  Mr. Coleman is not asserting a defense to AFDENT's claim (other than the discharge he hopes to merit upon completing his chapter 13 plan), but instead is arguing that the *issue* of allocating the damages reflected in the Agreed Judgment was not resolved in that document.  The Indiana state court did not address, let alone resolve, the dischargeability question when it approved the parties' Agreed Judgment.

At oral argument, AFDENT's counsel relied heavily on two intermediate appellate court opinions from Indiana, *MicroVote General Corp. v. Indiana Election Comm'n*, 924 N.E.2d 184 (Ind. App. 2010), and *Hanover Logansport, supra*, to argue that because the Defendant did not specifically reserve the issue of the allocation of damages among the various causes of action resolved in the Agreed Judgment, he is collaterally estopped from contesting Plaintiff's assertion that all of the damages in the Agreed Judgment will be excepted from discharge.

First, the court does not find *MicroVote* persuasive on this question because that decision did not involve the preclusive effect of a prior consent judgment, but instead an administrative determination issued after taking evidence.  Second, in describing the requirements of collateral estoppel in Indiana, the *MicroVote* panel observed that "[c]ollateral estoppel does not extend to matters that were not expressly adjudicated or to matters that can be inferred from the prior adjudication only by argument." *MicroVote*, 924 N.E.2d at 197.  The most fleeting glance at the Agreed Judgment shows that no issue (other than the amount that Mr. Coleman agreed to pay AFDENT and the terms designed to prevent duplicate recovery under the Criminal Judgment) were even addressed, let alone "expressly adjudicated."  The most we can say is that AFDENT's assertion of collateral estoppel depends on the resolution of issues that "can be inferred from the

[Agreed Judgment] only by argument," -- inferences condemned as a matter of Indiana law governing collateral estoppel, *id.*, and by well-established federal standards governing summary judgment. *Liberty Lobby*, 477 U.S. at 249.

Second, for the reasons given in *In re Bicknell*, *supra*, the decision in *Hanover Logansport* is an unreliable indicator of Indiana law regarding the collateral estoppel effect of a consent judgment, at least for purposes of determining what issues were actually litigated or necessarily decided. It is, in other words, "inapplicable in the issue preclusion setting" because it confuses collateral estoppel with *res judicata* -- related but clearly distinct doctrines in Indiana -- and because the supposed requirement of reserving issues in a consent judgment was nothing more than *dicta* in a footnote. The court shares the *Bicknell* court's prediction that, "in Indiana it is likely that in order for something to be considered actually litigated in a consent judgment for purposes of issue preclusion, the consent judgment must clearly show that the parties intended such an effect." *Bicknell*, 118 B.R. at 665. This is consistent with the "contract theory" of consent judgments that, at oral argument, both parties agreed applies in Indiana.

AFDENT's argument that Mr. Coleman forfeited his right to contest the extent of his non-dischargeable liability for the Debt by not reserving the issue within the Agreed Judgment itself is utterly inconsistent with the United States Supreme Court's decision in *Brown v. Felsen*, 442 U.S. 127 (1979). *Brown*, like the current case, involved a stipulation settling a state lawsuit where the stipulation did not indicate which cause of action the liability was based upon or whether the debtor had committed fraud. As the Supreme Court observed in rejecting almost the very argument AFDENT makes against Mr. Coleman (albeit in *Brown* by a debtor against a creditor)[4] "[i]t makes little sense … to resolve a federal dischargeability question according to whether or not the parties

---

[4] What's sauce for the goose is sauce for the gander.

in state court waived their right to engage in hypothetical litigation in an inappropriate forum,'' here, the Allen County Circuit Court. *Brown*, 442 U.S. at 137. The decision in *Brown* depends to a considerable extent on the bankruptcy courts' exclusive prerogative to make determinations under § 523(c). *Id.*

Granting the Motion would also require the court to infer (from the shared origins with the ex-spouse's embezzlement scheme and the Criminal Judgment) that the Debt represented by the Agreed Judgment is also nondischargeable. There are two problems with this argument beyond the shortcomings under Indiana law just identified. First, the court does not draw inferences in favor of the moving party on a summary judgment motion, and second, although Plaintiff did not favor the court with a copy of its state court complaint, its complaint in this adversary proceeding recites that its state court complaint included claims for unjust enrichment and conversion (statutory and common law), causes of action that do not invariably support a finding of nondischargeability. From the differences in liability expressed in the criminal and civil judgments at issue in this case, the court might infer that the Agreed Judgment imposed liability beyond the liability established on account of the wire fraud supporting the Criminal Judgment. Indeed, in response to the Defendant's arguments premised on the different amounts, the Plaintiff (in its reply brief) suggests that the criminal prosecutors may have had their own reasons for seeking restitution in a lower amount than the actual debt for the Defendant's (and his ex-spouse's) fraud. In other words, AFDENT -- the moving party -- is asking the court to draw inferences in the moving party's favor, again, contrary to well-settled summary judgment practice.

For the foregoing reasons, the Defendant has the better argument. As Judge Grant explained when denying a motion for summary judgment premised on the issue preclusive effect of a prior Indiana judgment,

> the key to collateral estoppel is not the prior litigation itself, but the facts which were determined in that litigation. As the party asserting preclusion, the plaintiff is expected to identify the specific facts that were determined in the previous litigation and then to demonstrate how those facts compel a particular result in this action.

*Liz Transport, Inc. v. Haifley (In re Haifley)*, slip op. Adv. No. 14–1064, 2014 WL 7496334 (Bankr. N.D. Ind. Dec. 19, 2014).  Plaintiff's motion (with respect to the balance of the Debt exceeding the restitution award) depends entirely on the Agreed Judgment, a document that includes no specific representations of fact or any suggestion that the parties intended it to have any issue preclusive effect.  The document only establishes the amount of the Debt and the mechanism for giving the Defendant credit for payments made on account of the Criminal Judgment.

The court recognizes that the Agreed Judgment -- as a consent judgment -- may have a dual aspect under Indiana law as both a contract and a court order.  Nevertheless, because the Allen County Circuit Court "was not required to make a determination regarding a fact placed in issue, collateral estoppel does not apply," *id*., even assuming, contrary to *Brown*, that it had authority to resolve the dischargeability question in the manner that AFDENT advocates.

The court finds that the Agreed Judgment did not necessarily allocate the Debt to AFDENT's state law fraud and embezzlement claims and therefore did not resolve (by issue preclusion or otherwise) the issues to be addressed in this adversary proceeding.  Therefore, the court must conduct further proceedings, including perhaps a trial, to determine the extent to which the Debt embodied in the Agreed Judgment should be excepted from discharge under § 523(c).

The court reaches today's decision based on the parties' current arguments, bearing in mind the standards applicable at the summary judgment stage and the Supreme Court's decision in *Bartenwefer v. Buckley*, 598 U.S. 69 (2023).  In that case, the Court held that a debt incurred under false pretenses, a false representation, or actual fraud was non-dischargeable in bankruptcy

regardless of the intent of the debtor. *Id.* at 82. A more developed record may prove *Bartenwefer* distinguishable or dispositive so the court declines, at this time, to address whether that opinion will impact the dischargeability of Mr. Coleman's obligations stemming from his ex-spouse's embezzlement scheme. The court will conduct its second pretrial conference on Tuesday, June 18, 2024 at 11:00 AM, in Kalamazoo (U.S. Court House, 410 W. Michigan, Kalamazoo, MI). At the upcoming pretrial conference, the court and the parties will discuss setting deadlines for witness and exhibit lists, exchange of exhibits, pretrial memoranda and other usual filings, and a trial date.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART and DENIED IN PART, and the Debt represented by the Criminal Judgment is excepted from discharge under § 523(a)(2)(A).

IT IS FURTHER ORDERED that the remaining issues, including with respect to the Agreed Judgment, are reserved for future determination.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Sara E.D. Fazio, Esq., Nicholas J. Spigiel, Esq., and Kathryn Gerding, Esq.

**IT IS SO ORDERED.**

**Dated May 23, 2024**



Scott W. Dales
United States Bankruptcy Judge